10-2881-pr
*Dorsey v. Fisher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of March, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*
SIDNEY H. STEIN,*
*District Judge.*

_____

LEROY DORSEY,

*Plaintiff-Appellant*,

v.                          10-2881-pr

COMM. BRIAN FISHER, N.Y.S.D.O.C.S ET AL EMPLOYEES, SUPERINTENDENT RAYMOND J. CUNNINGHAM, WOODBOURNE CORR. FAC., JEAN G. KING, D.S.P WOODBOURNE, C. DAVIS, F.R.P. COORDINATOR, COUNSILOR WOODBOURNE, C.C. SCHLIFIKIN, COUNSILOR, WOODBOURNE, SGT. HOPKINS, WOODBOURNE CORR., SGT. R MITCHELL, WOUDBOURNE CORR., C.O. SHANE HOWE, C.O. SHANE HOWE, WOODBOURNE CORR., D.S.S PAUL GONYEA, WOODBOURNE CORR., SMITH, C.O.-W.C.F., C.O. JERRY STEFANUK, C.O.-W.C.F. CARTWRIGHT, SGT. CAPELLO, MCCOY,

*Defendants-Appellees.*

_____

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     JAMES J. BEHA II (Daniel J. Kramer, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY

FOR APPELLEES:     SUDARSANA SRINIVASAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the Southern District of New York is **AFFIRMED.**

Plaintiff-Appellant Leroy Dorsey appeals from an order of the United States District Court for the Southern District of New York (Berman, *J.*), granting defendants-appellees' motion to dismiss Dorsey's complaint. On November 18, 2008, Dorsey, proceeding *pro se*, filed a Third Amended Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that the defendants, employees of the New York State Department of Correctional Services ("DOCS"), violated his constitutional rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments while Dorsey was incarcerated at Woodbourne Correctional Facility ("Woodbourne"). On appeal, Dorsey challenges only the district court's dismissal of his claims against Sergeant

2

Mitchell, Sergeant Cappello, and Deputy Superintendent Paul Gonyea (collectively, the "Appellees") for First Amendment retaliation.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, we assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To establish a prima facie case of First Amendment retaliation, Dorsey must demonstrate: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (internal quotation marks omitted). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his

3

or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). Notably, we approach prisoner retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Id.* at 352 (internal quotation marks omitted).

Here, Dorsey failed to state a claim for retaliation that is plausible on its face against any of the Appellees. Dorsey's claim against Mitchell fails because none of Mitchell's alleged conduct constitutes "adverse action." Dorsey's claims of retaliatory verbal abuse by Mitchell do not include any allegations of physical harm, nor are they alleged with any specificity to suggest that they would deter a prisoner of ordinary firmness from exercising his constitutional rights. Similarly, allegations that Mitchell ordered or otherwise conducted two searches of Dorsey's cell and two searches of his person over a six-month period are insufficient to show adverse action.

Dorsey also alleges that Mitchell threatened to destroy

4

any grievance Dorsey filed and that Mitchell removed from the prison mailbox a grievance Dorsey filed. Even assuming that the destruction of grievances is an adverse action, Dorsey's complaint fails to plead more than the sheer possibility that Mitchell, in fact, destroyed the grievances. Dorsey merely alleges that because Mitchell threatened to throw away his grievances, Mitchell was responsible when they later "disappeared" from Dorsey's mailbox. Without more, where, as here, the plaintiff alleges the ultimate fact of retaliation in a conclusory and speculative manner, he fails to state a claim for retaliation. *See, e.g.*, *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Dorsey's claims against Cappello and Gonyea fail because Dorsey has not alleged a causal connection between their acts and Dorsey's protected speech. To sufficiently allege a causal connection, Dorsey's allegations must support an inference that the protected conduct was "a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). With respect to Cappello, Dorsey has not provided any plausible reason why Cappello would file an allegedly false misbehavior report other than that Dorsey

5

filed a grievance against Mitchell. This alone is insufficient to show Cappello's retaliatory intent. Similarly, the fact that Dorsey filed a grievance against Mitchell does not support an inference that Gonyea retaliated against Dorsey by sentencing him to seventy-five-days' solitary confinement. Finally, Dorsey's contention that Gonyea retaliated against him because Dorsey filed a separate § 1983 action against Gonyea is insufficient to show retaliatory intent. The § 1983 action was filed at an unspecified point in the year prior to Dorsey's disciplinary hearing before Gonyea. Without any more specificity, that temporal connection does not suffice to plead causation.

We have considered Dorsey's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk